IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W.L. DOGGETT LLC AND<br>DOGGETT HEAVY MACHINERY<br>SERVICES, LLC | § § § § | |
| Plaintiffs, | § § | C.A. NO. 14-cv-506 |
| v. | § § | |
| PAYCHEX, INC. and<br>JOHN DOES 1-10 | § § § | |
| Defendants. | § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs W.L. Doggett LLC and Doggett Heavy Machinery Services, LLC (collectively, "Plaintiffs" or "Doggett") file this First Amended Complaint[1] against Paychex, Inc. ("Paychex") and John Does 1-10 (the "Paychex Does") and as grounds therefore would show the following:

## I.
## INTRODUCTION

1. There is little more valuable and private to individuals than personal identifying information—social security numbers, tax identification numbers, bank account numbers, and financial information ("Personal Information"). Doggett entrusted Paychex with the Personal Information of over 1,000 of its current and former employees and their dependents. As a result of Doggett's trust in Paychex and Paychex's representations that it would safeguard such Personal Information, more than 1,000 individuals had their Personal Information and identities accessed and stolen. But for Paychex's gross negligence and willful misconduct, Doggett's current and former employees' and their dependents' Personal Information and identities would be secure and private; instead, their Personal Information and identities have

---

[1] Doggett's Original Complaint was filed against only John Doe Defendants. Since filing its Original Complaint, however, Doggett has discovered that it was Paychex's gross negligence and additional misconduct that caused Doggett's injuries. Accordingly, Doggett hereby joins Paychex to its First Amended Complaint.

been made available for the world to see and use.  If Paychex had followed its own established protocols and deleted a terminated employee's access to the Paychex system, as Paychex was directed to do in writing by Doggett, none of this would have happened.

2. Doggett discovered Paychex's misconduct when several Doggett employees attempted to file their 2013 tax returns, only to discover that returns had already been filed in their names and that refunds had already made (to unknown persons).  Only then did Paychex appropriately restrict access to Doggett's account.  By that time, though, it was too late.

3. Paychex's gross negligence and willful misconduct has damaged Doggett. Doggett has incurred costs to investigate the identity theft, mitigate injury from the identity theft, monitor its employees' credit, and assist in the reversal of fraudulent tax filings and loan applications.  In addition, many of Doggett's employees no longer trust Doggett and have resigned or sought employment with Doggett's competitors.  The identify theft has further impacted Doggett's ability to hire new employees.  For a period of two weeks during the investigation and attempted mitigation of the losses caused by Paychex's willful misconduct, business at Doggett essentially stopped as employees tended to their personal affairs and Doggett investigated the security breach.  After an extensive investigation by Doggett, it was revealed that nearly 1,000 current and former employees and their dependents had their identities and Personal Information accessed and stolen because Paychex failed to perform its duties and to safeguard the Personal Information in its possession.

## II.
## PARTIES AND SERVICE

4. Plaintiffs W.L. Doggett LLC and Doggett Heavy Machinery Services, LLC are Texas limited liability companies with their principal places of business in Harris County, Texas.

5. Defendant Paychex, Inc. is a New York corporation with a principal place of business in Harris County, Texas. Paychex may be served through its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3436.

6. Defendant John Does 1-10 are, upon information and belief, Paychex employees involved in breaching and/or compromising Doggett's Paychex account and confidential information and the Personal Information of over 1,000 of Doggett's current and former employees and their dependents.

## III.
## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Paychex because Paychex does business in the State of Texas in a continuous and systematic way.

8. This Court has subject matter jurisdiction over this civil action brought by a Texas citizen against a New York citizen pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties, no Defendant is a citizen of the State of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, federal diversity jurisdiction exists under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts, events and/or omissions giving rise to the claims in this lawsuit occurred in this judicial district. Specifically, (1) Doggett's headquarters are in this district and Paychex has an office in this district, (2) Paychex managed the Doggett Account from its office in this district, (3) the parties entered into a written agreement in this district, and (4) many of the affected current and former employees and their dependents reside in this district.

## IV.
## FACTUAL BACKGROUND

10. In October 2010, Doggett engaged Paychex to provide tax, payroll, benefits, and various human resource services. Paychex maintained Personal Information for Doggett and

3

over 1,000 of its current and former employees and their dependents. Paychex provided an online platform that allowed Doggett and its employees to view payroll and tax information (the "Doggett Account"). Paychex also provided additional features to various employees in Doggett's human resources department for the administration of the Doggett Account ("HR Credentials). In order to perform its services, Paychex required Doggett and/or its employees to provide to Paychex the Personal Information of its employees and their dependents.

11. Paychex provided HR Credentials to Chris Jacques, one of Doggett's human resources managers (the "Jacques Credentials"). The Jacques Credential allowed Mr. Jacques to view and edit payroll information stored in the Paychex system, including all employees' names, social security numbers, dates of birth, addresses, bank information, and wage information.

12. On October 30, 2013, pursuant to Paychex's instructions and protocol, Doggett wrote to Paychex directing it to terminate the Jacques Credentials and enclosed three Paychex documents titled "Plan Contract Change Form." Each of these documents indicated that the Jacques Credentials should be terminated. Shortly thereafter, Christal Laurro, a Paychex employee, confirmed that the Jacques Credentials had been terminated. This was false. In fact, the Jacques Credentials were not terminated as required until four months later—after the identities of over 1,000 current and former Doggett employees and their dependents had been stolen using the Jacques Credentials.

13. Doggett discovered Paychex's misconduct when, in February 2014, Doggett was notified by several employees that their tax returns had been refused by the Internal Revenue Service. Within two weeks, Doggett was notified that over 100 of its employees had experienced the same problem. Doggett contacted Paychex and Paychex finally admitted that an unauthorized user had been accessing the Doggett Account through Paychex's remote access website using the Jacques Credentials, which were supposed to have been terminated

months before as instructed by Doggett. Paychex never formally notified Doggett or its employees that employee names, social security numbers, dates of birth, addresses, bank information, and wage information had been exposed to unauthorized third parties. Further, only Paychex employees had knowledge that the Jacques Credentials remained active, despite Paychex's representations that such credentials were terminated.

14. Since discovering Paychex systems had been breached, Doggett has learned that over 1,000 current and former employees and their dependents have been affected. The John Doe Defendants have, *inter alia*, illegally filed tax returns, opened credit cards, and applied for loans using the Personal Information of Doggett employees. Paychex's wanton disregard for the security of Doggett's confidential information and the Personal Information of Doggett's current and former employees and their dependents exposed that sensitive information, including retirement savings plan information, direct deposit information (including bank account numbers), and social security numbers. Paychex's conduct has forced Doggett to launch a full forensic investigation of its systems only to find that the data breach came from Paychex. Doggett has further been forced to retain the undersigned counsel, report the breach to state agencies (because Paychex failed to do so), provide its current and former employees with credit monitoring services, advise its employees to change their banking information, and otherwise remediate Paychex's misconduct.

## V.
## CLAIMS FOR RELIEF

### COUNT 1 – NEGLIGENCE

15. Doggett realleges and incorporates by reference all prior paragraphs as if fully set forth in this count.

16. Paychex was negligent and its negligence proximately caused damages to Doggett. Specifically, Paychex owed Doggett a duty of reasonable care in controlling access

5

to its online system and ensuring that the Personal Information of Doggett's current and former employees and their dependents was safe. Paychex breached this duty by, among other things, failing to terminate the Jacques Credentials. The acts and omissions of Paychex set out above constitute negligence and a failure to use ordinary care.

### **COUNT 2 – NEGLIGENCE *PER SE***

17. Doggett realleges and incorporates by reference all prior paragraphs as if fully set forth in this count.

18. Paychex's conduct constitutes negligence *per se*. State and federal law requires that companies in possession of social security numbers maintain adequate safeguards against disclosure of social security numbers. Paychex failed to comply and in doing so caused over 1,000 social security numbers, tax information, and banking information to be exposed.

### **COUNT 3 – GROSS NEGLIGENCE**

19. Doggett realleges and incorporates by reference all prior paragraphs as if fully set forth in this count.

20. Paychex acted with "malice," as that term is defined by law, and was grossly negligent in a manner that proximately caused the damages to Doggett. Specifically, Paychex willfully disregarded Doggett's instruction to terminate access to the Doggett Account using the Jacques Credentials. Such conduct, viewed objectively from the standpoint of Doggett, posed an extreme degree of risk to the protection of Doggett's confidential infomration and the Personal Information of its current and former employees and their dependents, including social security numbers, tax information, and banking information. Paychex had actual, subjective awareness of the risks involved in this conduct, but nevertheless allowed third parties to access its system through the Jacques Credentials with conscious indifference to the security of over 1,000 individuals' personal data.

6

## COUNT 4 – NEGLIGENT TRAINING AND SUPERVISION

21. Doggett realleges and incorporates by reference all prior paragraphs as if fully set forth in this count.

22. Paychex had a legal duty to use ordinary care in adequately training and supervising its employees. Paychex failed to provide adequate training and supervision to its employees by, among other things, failing to train and supervise its employees regarding proper methods of safeguarding client data and ensuring the relevant employees had the ability to terminate access to the Paychex online system. A reasonably prudent employer would have provided adequate training to its employees beyond what was given, to the extent any training and/or supervision was provided.

## COUNT 5 – FRAUDULENT INDUCEMENT

23. Doggett re-alleges the preceding paragraphs as if set forth fully herein.

24. Paychex fraudulently induced Doggett into entering into that certain "Paychex Major Market Services Agreement" (hereinafter the "Agreement"). Paychex intentionally and/or recklessly misrepresented how its security protocols protect client data. These representations were material, and were made to and did induce Doggett to enter into the Agreement with Paychex. The representations were false, as Paychex did not have proper safeguards in place (or did not employ with any applicable safeguards) to ensure unauthorized access to sensitive data would not occur. Doggett relied on Paychex's representations to its detriment. Paychex's fraudulent misrepresentations directly and proximately caused substantial injury to Doggett.

25. Further, Paychex's representation that it had terminated access to the Jacques Credentials fraudulently induced Doggett into extending the Agreement. Doggett had a right to terminate the Agreement and would have done so but for Paychex's representation that it would terminate access to Paychex's system and the Doggett Account with respect to

terminated employees. This representation was false—the credential of terminated employees continued to provide access to the Doggett Account and Paychex's system. Paychex intended for Doggett to rely on these representations. Doggett did reasonably and foreseeably rely on such misrepresentations and its reliance caused Doggett significant damages. Doggett seeks all damages arising out of Paychex's conduct and, alternatively, seeks a rescission of the Agreement.

## COUNT 6 – NEGLIGENT MISREPRESENTATION

26. Doggett re-alleges the preceding paragraphs as if set forth fully herein.

27. Paychex represented to Doggett that it had the ability to safeguard Personal Information and that its protocols would secure Doggett and its employees' data. Doggett relied on that representation when it signed the Agreement. Based on the unauthorized access that did occur through the Jacques Credentials, it is evident that Paychex did not use reasonable care in making such representation, and in fact it is evident that such representation was false. Doggett justifiably relied on this misrepresentation.

28. Paychex also represented to Doggett that Paychex had discontinued access to the Paychex System through the Jacques Credentials. Paychex made this representation at a time when Doggett had the right to terminate the Agreement. This representation was material—Doggett did not terminate the Agreement because Doggett reasonably believed access to the Paychex System would not be granted to any unauthorized third parties through the Jacques Credentials. Based on the unauthorized access that did occur through the Jacques Credentials, it is evident that Paychex did not use reasonable care in making this representation, and in fact it is evident that such representation was false. Doggett justifiably relied on this misrepresentation.

## COUNT 7 – CONVERSION

29. Doggett re-alleges the preceding paragraphs as if set forth fully herein.

30. This count is directed at the Paychex Does.

31. Upon information and belief, the Paychex Does had access to Paychex records showing that the Jacques Credentials remained active despite Doggett's reasonable belief (and indication by Paychex confirming) that the Jacques Credentials were terminated. Upon information and belief, the Paychex Does then either accessed the Jacques Credentials themselves or diverted and/or sold the credentials to others. As such, the Paychex Does have unlawfully and without authorization assumed and exercised control over information in the Doggett Account to the exclusion of Doggett's and its employees' rights in that data.

32. This criminal and tortious conduct has proximately caused significant damages to Doggett.

## COUNT 8 – VICARIOUS LIABILITY

33. Doggett re-alleges the preceding paragraphs as if set forth fully herein.

34. At all relevant times, upon information and belief, the Paychex Does were employees of Paychex. Paychex is liable for the Paychex Does' conduct under to the theory of *respondeat superior*. Accordingly, Paychex is vicariously liable for the conduct of the Paychex Does, and is jointly and severally liable for the damages suffered by Doggett.

## COUNT 9 – UNAUTHORIZED ACCESS OF A PROTECTED COMPUTER SYSTEM WITH INTENT TO DEFRAUD 18 U.S.C. § 1030(A)(4)

35. Plaintiffs repeat each and every allegation contained in the foregoing paragraphs and incorporates those allegations herein.

36. The John Doe Defendants' conduct constitutes unauthorized access of a protected computer network in furtherance of a scheme to defraud. Based on this conduct, Doggett has a private cause of action against the Paychex Does, as the Paychex Does are in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(4).

37. The Paychex Does' unauthorized access of a protected computer system has caused and will continue to cause Plaintiffs to suffer injury, with "damages" and "losses"—as those terms are defined in Sections 1030(e)(8) and 1030(e)(11), respectively—substantially in excess of $5,000 over a one-year period.

38. Pursuant to 18 U.S.C. § 1030(g), Plaintiffs are entitled to maintain this civil action against the Paychex Does to obtain compensatory damages and injunctive and other equitable relief because of the reasons identified above and all other conditions precedent to bringing this action have been met.

## COUNT 10 – BREACH OF CONTRACT

39. Doggett realleges and incorporates by reference all prior paragraphs as if fully set forth in this count.

40. Alternatively, Doggett and Paychex entered into the Agreement and Paychex has breached the Agreement. The Agreement, *inter alia*, in exchange for good and valuable consideration, requires Paychex to "use reasonable care to prevent the disclosure of such Client Confidential Information to any unauthorized person or entity." Agreement at ¶ 20. Paychex failed to use reasonable care to prevent unauthorized disclosure and permitted the Personal Information of over 1,000 persons to be disclosed to criminals. As a result of Paychex's breach of the Agreement, Doggett has been damaged in an amount exceeding the jurisdictional limits of this Court.

41. All conditions precedent to Doggett's right to recover for breach of contract against Paychex have been satisfied.

## COUNT 11 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

42. All preceding paragraphs are incorporated herein as if set forth in full.

43. Alternatively, Paychex breached its duty of good faith and fair dealing with respect to the unauthorized access to the Doggett Account by, among other things, completely

and totally failing to monitor the access outside users were making to the Doggett Account (which only Paychex could monitor), failing to ensure access to the system under the Jacques Credentials was terminated after receiving instruction from Doggett to terminate such access, and by failing to notify Doggett when that unauthorized access relating to the Paychex system had occurred.

## VI.
## EXEMPLARY DAMAGES

44. Defendants' actions made the basis of Doggett's tort claims are willful, wanton, taken in reckless disregard for the rights of Doggett, malicious, fraudulent, and/or grossly negligent. Doggett therefore seeks exemplary damages in connection with this conduct.

## VII.
## ATTORNEYS' FEES

45. All preceding paragraphs are incorporated herein as if set forth in full.

46. Defendants' conduct has made it necessary for Doggett to hire the undersigned attorneys and file this lawsuit. Doggett is therefore entitled to recover from Paychex its costs and reasonable and necessary attorneys' fees. Doggett is also entitled to its costs and reasonable and necessary attorneys' fees as a component of Doggett's claim for exemplary damages. Doggett therefore seeks recovery of its costs and attorneys' fees from Paychex as part of the Court's judgment in this matter.

## VIII.
## PRAYER

WHEREFORE, Plaintiffs W.L. Doggett LLC and Doggett Heavy Machinery Services, LLC respectfully request that Paychex, Inc. be served with process, and that Paychex, Inc. be required to appear and answer in this lawsuit, and after trial or other summary motion that Doggett recover its actual damages, consequential damages, reasonable and necessary attorneys' fees, and costs of court from Paychex, Inc. and John Does 1-10, jointly and severally, together

with pre- and post-judgment interest at the maximum lawful rate from the date of the wrongful conduct to the date of payment, together with such other and further relief in law or in equity to which Plaintiffs may show themselves justly entitled.

Dated: May 2, 2014

                                        BRACEWELL & GIULIANI, LLP

                                        */s/ Christopher L. Dodson*
                                        Christopher L. Dodson
                                        State Bar No. 24050519
                                        S.D.Tex. Bar No. 613937
                                        Email: chris.dodson@bgllp.com
                                        711 Louisiana, Suite 2300
                                        Houston, Texas 77002
                                        (713) 223-2300 – Telephone
                                        (713) 222-3000 – Facsimile
                                        ***Attorney-in-Charge for Plaintiffs***

OF COUNSEL:
Glenn A. Ballard, Jr.
State Bar No. 01650200
S.D. Tex.. Bar No. 825
William L. Doggett, Jr.
State Bar No. 24080065
S.D. Tex. Bar No. 1725378
BRACEWELL & GIULIANI LLP
711 Louisiana, Suite 2300
Houston, Texas 77002

(713) 223-2300 – Telephone
(713) 222-3000 – Facsimile

**ATTORNEYS FOR PLAINTIFFS,
W. L. DOGGETT LLC AND
DOGGETT HEAVY MACHINERY SERVICES, LLC**

#4483422.5