IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WL DOGGETT, LLC, ET AL | § | CASE NO. 4:14-CV-00506 |
| | § | HOUSTON, TEXAS |
| VERSUS | § | THURSDAY, |
| | § | JUNE 26, 2014 |
| DOES (1-10) | § | 10:16 A.M. TO 10:26 A.M. |

INITIAL SCHEDULING CONFERENCE

BEFORE THE HONORABLE STEPHEN WM. SMITH
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR PLAINTIFF/DEFENDANT: SEE NEXT PAGE

COURT RECORDER: CAROL FELCHAK

TRANSCRIPTION SERVICE BY:

JUDICIAL TRANSCRIBERS OF TEXAS, LLC
935 ELDRIDGE ROAD, #144
SUGAR LAND, TEXAS 77478
Tel: 281-277-5325 / Fax: 281-277-0946
www.judicialtranscribers.com

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES:

FOR THE PLAINTIFF: CHRISTOPHER L. DODSON, ESQ.
BRACEWELL GIULIANI, LLP
711 LOUISIANA, STE. 2300
HOUSTON, TX 77002

FOR THE DEFENDANT, PAYCHEX, INC.: CHRISTOPHER B. TROWBRIDGE, ESQ.
ROSS A. WILLIAMS, ESQ.
BELL NUNNALLY & MARTIN, LLP
3232 MCKINNEY AVE., STE. 1400
DALLAS, TX 75204

HOUSTON, TEXAS; THURSDAY, JUNE 26, 2014; 10:16 A.M.

THE COURT: All right. The next case is WL Doggett, LLC, et al versus Does (1-10), Civil Action H-14-506.

MR. DODSON: Good morning, Your Honor.

THE COURT: Good morning.

MR. DODSON: Chris Dodson, Bracewell, for the Plaintiffs.

THE COURT: Good morning.

MR. TROWBRIDGE: Good morning. Chris Trowbridge and Ross Williams here for the Defendant, Paychex, Inc.

THE COURT: Okay. All right. Now this case again has been referred to me by Judge Hittner for purposes of entering a Scheduling Order. As I understand it, this case involves some access to some private information or perhaps a breach of confidentiality or alleged breach of confidentiality with regard to some employee information; is that correct?

MR. DODSON: Yes, Your Honor, if I could just --

THE COURT: Yes.

MR. DODSON: -- give you the 10-minute version --

THE COURT: All right.

MR. DODSON: -- of how I see things?

The Plaintiffs are a series of John Deere dealerships in Texas and Louisiana. Paychex is the nation's

second biggest provider of payroll services, finance services, benefit services, that sort of thing. They're based in New York.

Doggett entered into a contract with Paychex to do their benefits information for them, their payroll, that sort of thing, pretty small contract, a couple of thousand dollars a month.

By virtue of that arrangement, Paychex had access to all 1,000 of Doggett's employees' social security numbers, bank account information, direct deposit, that sort of thing.

Pursuant to Paychex's policy when members of Doggett's HR Team are termination or leave the company, Doggett sends a notification to Paychex that says, "This person has been terminated or has left the company. Please delete their access to our system."

Doggett, one of their HR Managers left the company. Doggett sent a notification to Paychex and said, "Delete this person's access." Paychex replied and said, "We've got your notification. We have deleted that person's access."

They did not, in fact, delete that person's access.

Four months later, we discovered that all 1,000 of our employee's information had been stolen, using that

person's user name and password that Paychex had said they had terminated. We found this out when Paychex's [sic] employees went to file their 2013 tax returns with the IRS and the IRS said, "Sorry, you've already filed a tax return. Your refund has already been given."

And so that's what these identity thieves do these days, they file tax returns, credit cards have been applied for, loans have been applied. It was a big, big mess and the mess continues today.

So that's where we are factually. I don't think Paychex really disagrees with that, that that's what happened, that that's how the unauthorized access occurred and that's kind of the factual background.

Procedurally, Paychex last week filed a Motion to Transfer Venue to the Western District of New York and a Motion to Compel Arbitration. The Motion to Transfer Venue, with all due respect to my colleague, I think barely passes Rule 11 muster. Doggett is based in Texas. Their headquarters are in Texas. The 1,000 people whose identities were stolen are in Texas and Louisiana --

THE COURT: All right. Mr. Dodson, I'll remind you, I'm not here to rule on those motions.

MR. DODSON: I understand.

THE COURT: Those motions were not referred to me, so we don't need to get into the merits of those.

MR. DODSON: I understand.

THE COURT: I understand your position.

MR. DODSON: Okay. And we also recognize, of course, that Motions to Compel Arbitration are granted by this Court and others in the Southern District of Texas often. We think there are differences with our arbitration clause and this situation, so we will have a response, but I just wanted to get that out there.

THE COURT: All right. Any Response, Counsel?

MR. TROWBRIDGE: I agree who the parties are.

(Laughter.)

THE COURT: Okay. Well that's something.

MR. TROWBRIDGE: So I'll just -- I know you're not hearing these -- the substance of the motions.

THE COURT: Right.

MR. TROWBRIDGE: I did want to point out, I represent Paychex, Inc. He's also identified Doe Defendants.

THE COURT: Right.

MR. TROWBRIDGE: He's alleged in the -- the Plaintiffs have alleged in the Complaint that they believe those Does have also worked for Paychex. We filed a Motion to Transfer Venue. We've also filed a Motion to Compel Arbitration. We've agreed at Plaintiff's request to extend their deadline to respond to those till August 1. We've

also agreed to not start discovery disclosures, et cetera, until those are resolved.

My concern about setting a trial date at this point in time is, one, I think this Court is either going to allow arbitration or transfer venue. And two, even if this Court does not, we have briefing ahead of ourselves and we're certainly not going to get a decision for the next six to eight weeks.

So I'd like to have that time to have the Court decide those threshold motions factored into when we are set for trial.

THE COURT: Okay.

MR. TROWBRIDGE: I also -- because of the Doe Defendants, as we pointed out in our Joint Proposal we submitted yesterday of a plan, we want to give them time to add those Doe Parties as true parties, once those persons are identified and thus, at that point in time, they're going to need discovery. They'll need an opportunity to file motions, et cetera, so I think a July/August setting is particularly aggressive in light of what's ahead of us.

THE COURT: All right. Now the other -- tell me about these Does. Who are these? Are these --

MR. DODSON: The Does are whoever actually stole the information.

THE COURT: Okay.

MR. DODSON: We don't know who those people are at this point. We know that they --

THE COURT: They're not affiliated with Paychex, as far as you know?

MR. DODSON: We know that -- we know that they used the credentials that were supposed to have been terminated. Paychex had access to that, but --

THE COURT: They may have been one of your former employees, but you don't know?

MR. DODSON: Don't know.

THE COURT: Don't know, okay. All right.

MR. DODSON: And what I would say to Mr. Trowbridge is that yes, we agree that we should get these motions resolved before we start doing a whole bunch of discovery. I think that that makes good sense.

But I don't think that our discovery period needs to be very long, that there's not going to be --

THE COURT: Yeah, that's what I was going to ask.

MR. DODSON: -- from my perspective that many depositions to take, that much expert discovery. We put in our report that we think after the motions are resolved, whenever that is, we need about six months for discovery.

So I would ask the Court to go ahead and enter a trial date. If the decision on the motions slips and takes longer, Judge Hittner moves pretty quickly, as you know, I

would be hopefully that we would be able to get a decision on those motions in August and if we get a decision in August and then we do six months of discovery, I think a summer of 2015 trial date is realistic.

MR. TROWBRIDGE: And I do not.

THE COURT: I understand that. I understand that.

Well, what I had anticipated giving as a discovery cutoff would have been next March and that's somewhat consistent, I guess, with if we get an August -- if you get an August decision on those motions.

I think probably a better way to handle it and probably the way Judge Hittner prefers, is let's go ahead and get a Scheduling Order in place and if things develop and it appears that more time is necessary, especially in light of the additional Defendants that may be brought in, then we can deal with that at that point, but at least we have a schedule and a framework and we can go forward.

But I appreciate your concerns and I'm sure Judge Hittner will take that into account as needs be.

So let me go ahead and give you a Scheduling Order, understanding that these may not be final dates, but at least we'll have something in place.

With regard to joinder of new parties, we'll set that deadline for -- we'll set that deadline for October the -- October the 1st, 2014.

With regard to designation of experts, we'll set the Plaintiff's designation date -- designation date for December the 2nd, with expert reports due within 30 days after that designation date. The Defendants will designate their experts by January the 2nd, 2015, again with expert reports due within 30 days after that date.

The deadline for amending pleadings we'll set for November the 3rd.

The discovery cutoff, at least for now, we'll set for March the 2nd, 2015.

Motion deadline will be April the 1st.

Joint Pretrial Order will be due on June the 26th, 205.

And the case will be set for trial, at least at this stage, sometime during the months of July/August 2015.

Jury demand has been made.

And you've estimated, what, about a week to try the case? I'm sure that's probably a pretty good estimate at this time, so we'll estimate a week's jury trial.

All right. These are your deadlines, understanding that there may be good grounds to shift these later on.

MR. DODSON: Thank you, Your Honor. And just for the Record's sake, while the motions are pending, we should not be doing disclosures?

THE COURT: I think that's -- I think basically what you have now is an agreement on the Record that -- I won't include it in the Order but I think because with the parties' agreement, I think it makes sense. And I'm pleased to see the parties cooperating like that. That does make all the sense in the world at this point.

MR. DODSON: It's early, but we expect it to continue.

THE COURT: Okay. Very good.

MR. TROWBRIDGE: One more thing, Judge.

THE COURT: Yes, sir.

MR. TROWBRIDGE: We did note in the joint submission with the agreement of Plaintiffs that Plaintiffs agreed that Paychex was not waiving any rights with respect to its pending motions by filing the Joint Plan and by appearing here today. I just wanted to put on the Record that we are appearing here today, subject to our motions.

THE COURT: Right. I understand. I've noted that.

Okay. Thank you for coming in. You may be excused, Counsel.

MR. DODSON: Thank you, Your Honor.

MR. TROWBRIDGE: Thank you, Your Honor. Nice to see you.

THE COURT: All right. Thank you.

(Proceeding adjourned at 10:26 a.m.)

* * * * *

*I certify that the foregoing is a correct transcript to the best of my ability from the electronic sound recording of the proceedings in the above-entitled matter.*

/S/ MARY D. HENRY

*CERTIFIED BY THE AMERICAN ASSOCIATION OF ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**D-337*

*JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

*JTT INVOICE #53188*

*DATE: OCTOBER 29, 2014*