# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| W.L. DOGGETT LLC AND DOGGETT HEAVY MACHINERY SERVICES, LLC, | § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | CIVIL ACTION NO. 14-cv-506 |
| PAYCHEX, INC. AND JOHN DOES 1-10, | | |
| Defendants. | | |

**DEFENDANT PAYCHEX, INC.'S SURREPLY TO PLAINTIFFS'
RULE 59(e) MOTION FOR RECONSIDERATION OF THE COURT'S
MARCH 9, 2015 MEMORANDUM & ORDER, AND BRIEF**

Paychex, Inc. ("Paychex") files this Sur-Reply to Plaintiffs' Reply in support of their Motion for Reconsideration [Dkt. No. 57].

**I.      Paychex Does Not Argue Waiver; Plaintiffs Simply Fail to Meet the Reconsideration Standard.**

Plaintiffs argue that they did not "waive" their "Rule 59(e)" arguments. Plaintiffs are misconstruing Paychex's position. Paychex did not make a "waiver" argument. Rather, because Plaintiffs omitted any reference to a governing standard for their motion, Paychex explained that a motion for reconsideration must establish a manifest legal or factual error or newly discovered evidence and that the

motion cannot be used to raise arguments that could have been raised prior to entry of the order at issue. Resp. at 1-2. Paychex then explained that Plaintiffs' arguments regarding whether the Court should dismiss or stay this action cannot provide grounds for reconsideration of the Court's Order because they are arguments that Plaintiffs could have raised in response to Paychex's motion to compel arbitration.

Plaintiffs also suggest that they did not need to assert arguments relating to whether the Court should stay or dismiss this action in the briefing on the motion to compel arbitration because Paychex had a "burden of proof" in connection with that motion. Plaintiffs cite no authority saying that a party can raise issues in a motion for reconsideration that it could have asserted before entry of the order when it was the party opposing the underlying motion. In the Order, the Court ruled on Paychex's request for dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction in the underlying claims. If Plaintiffs did not want dismissal, then they had an opportunity to explain their reasons why to the Court before the Order. The fact that they were not the movant is irrelevant.

## II. The Court Ordered that an Arbitrator Must Rule on the Arbitrability of All Claims as to All Defendants, Citing *Aviles*, which Is on Point

Plaintiffs argue that the Court should stay and not dismiss this case because the issue of whether Doggett's claims against the John Does (called the "Paychex

Does" in Plaintiffs' First Amended Complaint) are arbitrable remains unresolved. Here, Plaintiffs re-hash arguments from the initial briefing on Paychex's motion to compel arbitration. Indeed, in its Order, this Court repeatedly recognizes the claims against the "Paychex Does" and then dismisses this case and orders than an arbitrator must decide whether all claims, including those against the "Paychex Does," are arbitrable in light of the delegation provision in the Contracts. Order [Dkt. No. 53] at 2, 11, n.6, 13. Plaintiffs do not argue that the Court made any "manifest legal or factual" error in performing its analysis. Thus, there is no ground for reconsideration.

Instead, and while failing to recognize that this Court cited to and relied upon *Aviles* in its Order, Plaintiffs argue that Paychex supposedly "overstates the impact" of *Aviles v. Russell Stover Candies, Inc.*, 559 Fed. Appx. 413, 415 (5th Cir. 2014). Plaintiffs then attempt to distinguish *Aviles* by stating it involved one claim against one defendant. These distinctions are without significance. The significance of *Aviles* is that in that case, as here, the arbitration agreement contained a delegation provision, dismissal or stay was requested, and the Court held that any action other than dismissal in the face of the delegation provision would have been error. *Id.* at 414-15.

Plaintiffs attempt to obscure the significance of *Aviles* and the other cases cited by Paychex by relying on the same inapposite cases Paychex already

distinguished in its Response. Plaintiffs also attempt to distinguish *Cartagena* and *Crawford*, cited by Paychex in its Response. Contrary to Plaintiff's assertions, *Cartagena* also involved an alternative request to stay. *Cartagena Enterprises, Inc. v. J. Walter Thompson Co.*, 13 CIV. 4238 SAS, 2013 WL 5664992, at *3 n.47, *5 n.81 (S.D.N.Y. Oct. 16, 2013). And in *Crawford*, the plaintiffs argued that they could not be compelled to arbitrate against non-signatories, but the Fifth Circuit still affirmed dismissal of their entire lawsuit and held that where there is a clear and unmistakable agreement to arbitrate arbitrability, the question of whether a claim is subject to arbitration must be submitted to the arbitrator "in the first instance." *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 253, 262-63 (5th Cir. 2014). The fact of the matter remains, when a delegation provision makes even the question of whether claims are arbitratable an issue solely for an arbitrator, a district court lacks subject-matter jurisdiction and dismissal is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure. This Court has already determined that Paychex presented clear and unmistakable evidence of such a delegation provision here.

### III. Plaintiffs' Arguments Relating to a Possible Waste of Judicial Resources and Expiration of Limitations Are Not Grounds for Reconsideration.

Plaintiffs contend that the Court should reconsider its Order because if one or more claims are not arbitrable, then they will have to re-file their lawsuit later, at

which time the claims may be time-barred and/or will result in a waste of judicial resources. To begin with, this argument does not establish any manifest legal or factual error that provides grounds for reconsideration of the Court's Order. This is also an argument that Plaintiffs could have asserted before the Order.

Plaintiffs attempt to support their contentions with respect to the expiration of limitations by citing to *McGee v. Arkel Intern., LLC*, 716 F. Supp. 2d 572 (S.D. Tex. 2009). *McGee*, however, is distinguishable because it involved neither arbitration nor a plaintiff who ignored an express provision requiring filing in another forum. *Id*. As to Plaintiffs' argument regarding judicial resources, Plaintiffs fail to explain how judicial resources will be "wasted" if they re-file any portion of the claims in this case in a new lawsuit in the future.

### IV. Plaintiffs' Request for "Clarification" Is a Request for Reconsideration of the Order Dismissing the "Paychex Does."

Although phrased in terms of seeking "clarification" regarding the scope of the Court's Order, Plaintiffs essentially ask the Court to reconsider dismissing the claims against the "Paychex Does." Plaintiffs re-hash arguments that they asserted or could have asserted in response to Paychex's motion to compel arbitration, and Plaintiffs do not attempt to demonstrate any manifest legal or factual error.

The Court's ruling that the claims against the "Paychex Does" must go to an arbitrator for an arbitrability determination is consistent with applicable law. *See Crawford*, 748 F.3d at 262-63 (affirming dismissal of entire lawsuit and holding

that where there is a clear and unmistakable agreement to arbitrate arbitrability, the question of whether a claim is subject to arbitration must be submitted to the arbitrator "in the first instance," despite plaintiffs' argument that they could not be compelled to arbitrate against non-signatories). Plaintiffs argue, however, that Paychex supposedly must concede that the "Paychex Does" are Paychex employees in order for the Court to dismiss the claims against the Paychex Does. Plaintiffs do not cite to any authority to support this argument. If a defendant had to judicially admit the allegations in a complaint in order to move to compel arbitration, then a motion to compel arbitration would never be filed, ever. On the contrary, Plaintiffs allege in their Complaint that the "Paychex Does" are Paychex employees. Paychex may rely on that allegation for purposes of moving to compel arbitration without adopting it as fact, given that the motion to compel is a responsive pleading in lieu of an answer. *See Lamkin v. Morinda Properties Weight Parcel, LLC*, 440 Fed. Appx. 604, 607 (10th Cir. 2011) (recognizing that motion to compel arbitration is response in lieu of answer to complaint and that requiring movant to admit or deny allegations in complaint is non-sequitur in context of compelling arbitration); *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 644 (1985) (recognizing that court assumes truth of allegations in pleading in deciding motion to compel arbitration).

Moreover, by the date of the Order, Plaintiffs had alleged for roughly 311 days that the "Paychex Does" are supposedly Paychex employees, and even sought leave to assert more claims based on that same allegation. Plaintiffs also used that allegation to obtain discovery delving into, among other things, Paychex's confidential and proprietary business practices and other matters, all of which imposed significant costs and burdens upon Paychex and its counsel. Plaintiffs now want to suggest—for purposes of this motion—that the "Paychex Does" may not be Paychex employees (while not outright saying that the "Does" are not Paychex employees). Plaintiffs' request for "clarification" aims to keep at least part of this case open so they can continue to litigate against Paychex and/or Paychex employees in a public forum as opposed to a confidential arbitration proceeding, which is what Plaintiffs bargained for. Plaintiffs offer no explanation as to how they could "segregate their claims against the [Paychex] Does", without litigating many of the same issues in this court as in the arbitration and without continuing to litigate against Paychex in this court in violation of the arbitration agreement and the delegation provision.

The remainder of the arguments in Plaintiffs' Reply are adequately addressed in Paychex's Response and/or do not require any response by Paychex. Accordingly, Paychex requests that the Court deny Plaintiffs' Motion in all respects.

Dated: May 7, 2015

Respectfully submitted,

By:   /s/ Christopher B. Trowbridge
    Christopher B. Trowbridge
    Attorney-in-Charge
    State Bar No. 24008182
    Southern District No. 25549
    Wendy A. Duprey
    Of Counsel
    State Bar No. 24050543
    Southern District No. 967333
    Ross A. Williams
    Of Counsel
    State Bar No. 24066296
    Southern District No. 1154390

1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204-2429
Telephone: (214) 740-1400
Facsimile: (214) 740-1499

**ATTORNEYS FOR DEFENDANT PAYCHEX, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically to all counsel of record on the 7th day of May 2015, via the Court's CM/ECF system.

/s/ Christopher B. Trowbridge
Christopher B. Trowbridge