IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| W.L. DOGGETT LLC *and* DOGGETT HEAVY MACHINERY SERVICES, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-14-506 |
| PAYCHEX, INC. *and* JOHN DOES 1–10, | § § § | |
| Defendants. | § § § | |

## ORDER

Pending before the Court is Plaintiffs' Rule 59(e) Motion for Reconsideration of the Court's March 9, 2015 Memorandum & Order (Document No. 5). Having considered motion, submissions, and applicable law, the Court determines the motion should be denied.

## I. BACKGROUND

This motion for reconsideration arises following this Court's order compelling all parties in the dispute to arbitration and dismissing the case without prejudice. Plaintiffs W.L. Doggett LLC and Doggett Heavy Machinery Services, LLC (collectively, "Doggett") filed suit against Defendants Paychex, Inc. ("Paychex") and John Does 1–10 (the "Does"). Doggett alleges, on information

and belief, the Does were Paychex employees. Paychex had an agreement to provide human resource services to Doggett. That agreement contained an arbitration clause. The complaint alleged that Doggett employees had their personal information and identities stolen due to Paychex's failure to terminate a former employee's access to Paychex's system. Paychex moved to compel arbitration and dismiss or stay the case. Doggett opposed the motion on the grounds that the arbitration agreement was unconscionable and void as against public policy. Doggett also urged this Court to deny the motion or delay ruling on the motion so that discovery could be conducted to determine whether the Does were in fact Paychex employees as pleaded. On March 9, 2015, the Court granted Paychex's motion, dismissing the case without prejudice and compelling all parties to arbitration.

## II. LAW & ANALYSIS

Doggett moves for reconsideration of two issues: (1) the Court's grant of dismissal without prejudice rather than a stay of the case and (2) the application of the order compelling arbitration to the Does. In order to prevail on a Rule 59(e) motion for reconsideration, a party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). A Rule 59(e) motion "cannot be used to

raise arguments which could, and should, have been made before the judgment issued." *Id.*

## A.    The Dismissal Without Prejudice of the Claims

Doggett now contends it was improper for the Court to dismiss the case rather than stay the case. However, the legal standard to grant reconsideration is not met here. Even though Paychex's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) was styled as a motion to dismiss or stay,[1] at no prior point did Doggett request that a stay be issued if this Court decided to compel arbitration.[2] The Court granted a form of relief requested by Paychex and Doggett failed to address at that time why that relief would be inappropriate to grant. Thus, Doggett fails to show grounds for granting the Rule 59(e) motion after failing to raise that argument in the initial briefing.

Even if Doggett had argued for a stay, no manifest error of law occurred in dismissing the case. Doggett contends, because the arbitrator could determine some claims are not arbitrable, a stay rather than dismissal should have been granted. In *Crawford Professional Drugs, Inc. v. CVS Caremark Corp.,* the Fifth Circuit affirmed the grant of a motion to compel arbitration and the dismissal of

---

[1] *Defendant Paychex, Inc.'s Motion to Compel Arbitration and Dismiss or Stay, and Brief in Support, filed subject to Motion to Transfer Venue*, Document No. 13.

[2] *See Plaintiffs' Response to Defendant's Motion to Compel Arbitration*, Document No. 21 at 3–8; *Plaintiffs' Sur-Reply to Defendant's Motion to Compel Arbitration*, Document No. 26 at 26.

the action with prejudice. 748 F.3d 249, 256, 262–63 (5th Cir. 2014) (holding the court did not err where the plaintiffs argued the claims were not subject to arbitration and the court determined the issue of arbitrability was subject to the arbitrator in the first instance); *see also Aviles v. Russell Stover Candies, Inc.*, 559 F. App'x 413, 414–15 (5th Cir. 2014) (affirming dismissal as opposed to a stay where the court found the arbitrator must first determine whether the claim is within the scope of the arbitration agreement). Unlike *Crawford*, which was dismissed with prejudice, here the Court dismissed **without prejudice**, [3] which gives Doggett leave to refile their claims if it is determined the claims are not arbitrable. Given the similarity in procedural posture between the instant case and *Crawford*, the Court finds no manifest legal error occurred in issuing a dismissal rather than a stay. Accordingly, the motion to reconsider dismissal of the case without prejudice is denied.

B.    *Applicability of the Order to the Does*

Additionally, Doggett moves for reconsideration of the applicability of the order to the Does. Doggett contends the order compelling arbitration and dismissing the claims should not apply to the Does because (1) it is not known whether the Does are actually Paychex employees and (2) non-signatories to an agreement cannot be compelled to arbitration. However, manifest legal or factual

---

[3] *Order*, Document No. 54.

4

error is not established under Rule 59(e). "[A] Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Indep. Coca-Cola Emps. Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004). Doggett did not ask in the prior briefing to sever the Doe claims.[4] Nor did Doggett argue the Does could not be compelled to arbitration because they were non-signatories. Instead, Doggett requested limited discovery against Paychex to determine the identity of the Does. Specifically, Doggett asked that this Court either deny the Rule 12(b)(1) motion or defer ruling on it until further discovery was conducted against Paychex.

Doggett concedes that if the Does are Paychex employees, the claims against them must be submitted to the arbitrator in the first instance to determine which claims are subject to arbitration.[5] *See Campaniello Import, Ltd. v. Saporiti Italia S.P.A.*, 117 F.3d 655, 668 (2d Cir. 1997) ("employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement"). Doggett pleaded on information and belief that the Does are Paychex employees and did not move to sever the Doe claims. The claims against the Does were

---

[4] *See Plaintiffs' Response to Defendant's Motion to Compel Arbitration*, Document No. 21 at 8–11; *Plaintiffs' Sur-Reply to Defendant's Motion to Compel Arbitration*, Document No. 26 at 6.

[5] *Plaintiffs' Reply-In-Support of their Motion for Reconsideration of the Court's March 9, 2015 Memorandum & Order*, Document 57 at 10.

dismissed **without prejudice**. If, based on information obtained in arbitration proceedings or elsewhere, Doggett becomes aware that any Does are not Paychex employees, Doggett is free to refile the claims against the non-Paychex Does. Thus, there is no manifest legal error in dismissing the Doe claims and compelling them to arbitration when the grounds asserted for reconsideration were not raised in the initial briefing and Doggett can refile. Accordingly, the Court denies the motion to reconsider compelling the Does to arbitration and dismissing without prejudice the claims against them.

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' Rule 59(e) Motion for Reconsideration of the Court's March 9, 2015 Memorandum & Order (Document No. 5) is **DENIED**.

SIGNED at Houston, Texas, on this __5__ day of October, 2015.

DAVID HITTNER
United States District Judge
